IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CV-29-D

| | | |
|---|---|---|
| JASON FAIRCLOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| SAMPSON COUNTY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

On February 22, 2010, Jason Faircloth ("plaintiff" or "Faircloth") filed a pro se complaint naming "Sampson County Schools" as defendant [D.E. 1]. Faircloth contends that the Sampson County Schools violated the Americans with Disabilities Act. On March 11, 2010, and April 16, 2010, the Sampson County Board of Education ("Board") filed a motion for extension of time and identified itself as the corporate body and entity responsible for the employment decision at issue [D.E. 6, 8]. See N.C. Gen Stat. § 115C-40. The Board also stated that no legal entity named "Sampson County Schools" exists. On April 16, 2010, the Board moved to dismiss Faircloth's pro se complaint under Rule 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure [D.E. 8].

Notwithstanding the notice contained in the motions for extension of time, Faircloth (through counsel) filed a first amended complaint on July 13, 2010, which named "Sampson County Schools" as the defendant [D.E. 24]. On July 29, 2010, the Board moved to dismiss the first amended complaint on various grounds [D.E. 27]. Among other arguments, the Board argues that "Sampson County Schools" is not a proper legal entity and that Faircloth's purported service on

Clara Tanner fails to comply with the service requirements of Rule 4(j) of the Federal Rules of Civil Procedure.[1] The Board notes that Tanner was not a member, officer, or director of the Sampson County School Board of Education or the Board's superintendent or chief executive officer on the date of service. She also was not the agent or attorney-in-fact authorized to accept service. Thus, the Board argues that the complaint should be dismissed under Rule 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. Furthermore, because the pro se complaint was defective and conferred no personal jurisdiction, the Board contends that the amended complaint suffers the same deficiencies.

The court agrees with the Board. Faircloth did not comply with Rule 4(j) of the Federal Rules of Civil Procedure in that he failed to properly address and deliver a copy of the summons and complaint to the Board's chief executive officer. See Fed. R. Civ. P. 4(j). Moreover, although Rule 4(j) also permits service "in the manner prescribed by [North Carolina] law for serving a summons

---

[1] Federal Rule of Civil Procedure 4(j) states:

(j) Serving a Foreign, State, or Local Government.

(1) Foreign State. A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j).

or other like process upon any such defendant," Faircloth did not comply with North Carolina law. Specifically, Faircloth did not comply with Rule 4(j) of the North Carolina Rules of Civil Procedure, which requires that service accomplished by registered or certified mailing must be addressed to the Board's officer, director, agent, or attorney-in-fact.[2] Compare Broughton v. Dumont, 43 N.C. App. 512, 514–15, 259 S.E.2d 361, 363 (1979) (failure to properly address mailing a basis for rendering service insufficient), with Steffey v. Mazza Constr. Grp., 113 N.C. App. 538, 540–41, 439 S.E.2d 241, 242–43 (1994) (properly addressed mailing constituted sufficient service even though it was not signed by addressee).

Furthermore, North Carolina law requires strict compliance with Rule 4(j). See, e.g., Guthrie v. Ray, 293 N.C. 67, 70, 235 S.E.2d 146, 148 (1977); Crabtree v. City of Durham, 136 N.C. App. 816, 817, 526 S.E.2d 503, 505 (2000); Johnson v. City of Raleigh, 98 N.C. App. 147, 149–50, 389

---

[2]North Carolina Rule of Civil Procedure 4(j)(5)c states:

(5) Counties, Cities, Towns, Villages and Other Local Public Bodies.--

> c. Upon any other political subdivision of the State, any county or city board of education, or other local public district, unit, or body of any kind (i) by personally delivering a copy of the summons and of the complaint to an officer or director thereof, (ii) by personally delivering a copy of the summons and of the complaint to an agent or attorney-in-fact authorized by appointment or by statute to be served or to accept service in its behalf, (iii) by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), or (iv) by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, agent, or attorney-in-fact as specified in (i) and (ii), delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. R. Civ. P. 4(j)(5)c.

3

S.E.2d 849, 851 (1990); Long v. Cabarrus Cnty. Bd. of Educ., 52 N.C. App. 625, 626–27, 279 S.E. 2d 95, 96 (1981); Broughton, 43 N.C. App. at 514–15, 259 S.E.2d at 363. Accordingly, the court never obtained personal jurisdiction over the Board. See, e.g., Mabee v. Onslow Cnty. Sheriff's Dep't, 174 N.C. App. 210, 211–12, 620 S.E.2d 307, 308 (2005); Johnson, 98 N.C. App. at 149, 389 S.E.2d at 851. Moreover, the amended complaint does not cure this defect. See Johnson, 98 N.C. App. at 150, 389 S.E.2d at 851–52. Thus, the court grants the motion to dismiss the complaint [D.E. 8] and the first amended complaint [D.E. 27] pursuant to Rule 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure. In light of this disposition, the court does not address the Board's arguments under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As explained above, the court GRANTS the Sampson County Board of Education's motion to dismiss the complaint [D.E. 8] and amended complaint [D.E. 27] under Rule 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.

SO ORDERED. This 10 day of December 2010.

JAMES C. DEVER III
United States District Judge